**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODOLFO CARDENAS-RAYGOZA, | Nos. 07-71293 |
| | 07-72253 |
| Petitioner, | |
| | Agency No. A079-764-895 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010 [**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Rodolfo Cardenas-Raygoza, a

native and citizen of Mexico, petitions pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's removal order and denying his motion to remand, and its order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to remand or reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and de novo claims of due process violations in immigration proceedings, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We dismiss in part and deny in part petition No. 07-71293, and we deny the petition No. 07-72253.

We lack jurisdiction to review the agency's discretionary determination that Cardenas-Raygoza failed to show exceptional and extremely unusual hardship to a qualifying relative. *See id*.

The BIA did not abuse its discretion by denying Cardenas-Raygoza's motion to remand because the BIA considered the evidence Cardenas-Raygoza submitted and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

Cardenas-Raygoza's due process claim fails because he cannot demonstrate prejudice. *See Hassan v. INS*, 927 F.2d 465, 469 (9th Cir. 1991) (the factual record

adequately supported the denial of petitioner's relief application, and the IJ's conduct had no bearing on the outcome).

The BIA did not abuse its discretion in denying Cardenas-Raygoza's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

> **In No. 07-71293:  PETITION FOR REVIEW DISMISSED in part; DENIED in part.**
>
> **In No. 07-72253:  PETITION FOR REVIEW DENIED.**